FILED
COURT OF APPEALS
DIVISION II

2015 AUG -4 AM 10: 00

STATE OF WASHINGTON

DEPUTY

# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

|  |  |
|---|---|
| In the Matter of the Marriage of: | No. 46313-0-II |
| VICTOR M. ZANDI, | |
| Respondent, | |
| v. | |
| DEANNA M. ZANDI, | UNPUBLISHED OPINION |
| Appellant. | |

MELNICK, J. — Deanna M. Zandi (the mother) appeals an order requiring her to pay 25 percent of medical expenses incurred by T.Z. (the child). The mother argues that a December 9, 2009 child support order required Victor M. Zandi (the father) to pay all uninsured medical expenses. We agree with the mother and reverse.

## FACTS

The order of child support between the parties, required the father to pay all uninsured medical expenses. The child is insured under the father's Kaiser Permanente (Kaiser) policy. The policy required an insured to seek care at a Kaiser-approved facility or physician or to obtain pre-approval for out-of-network doctors of facilities. Emergency care is covered at non-Kaiser facilities in the event a Kaiser facility is not available.

In July 2011, while visiting her aunt in Ohio, the child developed kidney stones. Her aunt took her to a non-Kaiser emergency room, which treated and released her. Kaiser paid for this emergency room visit. She needed follow-up surgery to remove a large kidney stone. The nearest

Kaiser medical facility was 4 to 8 hours away. The aunt took the child to a non-Kaiser facility for the follow up surgery. Although a doctor at this facility stated that Kaiser would cover the costs of the surgery, Kaiser refused to pay the approximately $13,000 in medical bills. The father appealed through the Kaiser appeal process, and Kaiser denied the appeal because the surgery was performed by a non-Kaiser provider without any request for authorization or assistance from Kaiser regarding this matter.

On March 30, 2012, the mother filed a petition to modify child support and in it also requested the father to pay medical expenses incurred in July 2011 as "uninsured medical expenses." Clerk's Papers (CP) at 12. Following argument, the trial court ordered the mother to pay 25 percent and the father to pay 75 percent of the outstanding medical bills. In a written order, the court determined that because the mother was in a better position, as the primary residential parent, to secure coverage for the treatment through Kaiser, "the uninsured medical expenses for this incident should be" divided. CP at 247. The mother appeals. She argues that the trial court lacked the authority to ignore the terms of the child support order and apportion payment of uninsured medical expenses.

## ANALYSIS

RCW 26.18.170[1] allows a parent to seek payment of medical expenses as set out in a child support order. The trial court concluded that the child's Ohio medical expenses were "uninsured."

---

[1] RCW 26.18.170(17) provides, in part:

> If a parent required to provide medical support fails to pay his or her portion, determined under RCW 26.19.080, of any premium, deductible, copay, or uninsured medical expense incurred on behalf of the child, pursuant to a child support order, the department or the parent seeking reimbursement of medical expenses may enforce collection of the obligated parent's portion of the premium, deductible, copay, or uninsured medical expense incurred on behalf of the child.

The father argues on appeal that the uncovered medical expenses were insured and Kaiser refused to pay only because the mother did not follow policy requirements.

The father did not cross-appeal.[2] However, because the father is not seeking affirmative relief, he is permitted to argue any grounds supported by the record to sustain the trial court's decision. RAP 2.4(a) (barring affirmative relief to respondent in the absence of a cross appeal); *State v. Green*, 177 Wn. App. 332, 341 n.8, 312 P.3d 669 (2013). If we accept the father's argument that the medical expenses were not "uninsured," the trial court could apportion the expenses. Accordingly, we first address whether the trial court correctly determined that the child's medical expenses were uninsured. We then address whether the trial court properly allocated the expenses.

I.      UNINSURED MEDICAL EXPENSES

RCW 26.18.170(18)(d) defines "[u]ninsured medical expenses" as "premiums, copays, deductibles, along with other health care costs not covered by insurance." Statutory interpretation is a question of law that we review de novo. *Clallam County v. Dry Creek Coal*, 161 Wn. App. 366, 385, 255 P.3d 709 (2011). When the plain language of the statute is unambiguous, our inquiry ends. *Dry Creek Coal*, 161 Wn. App. at 385. "Unambiguous statutes are not subject to interpretation; one looks at the plain language of the statute without considering outside sources." *Durland v. San Juan County*, 174 Wn. App. 1, 22-23, 298 P.3d 757 (2012).

---

[2] The father raises the issue whether the record is sufficient to allow review because the mother did not transcribe the hearing at which the trial court orally ruled to allocate the medical expenses. RAP 9.1. The written order is in the record, along with the medical documents and declarations considered by the court, and the facts are largely undisputed. Accordingly, we conclude that the record is sufficient to permit review.

The parties disagree whether the child's expenses are "health care costs not covered by insurance"; the mother contends that because Kaiser did not cover the expenses, they are uninsured, and the father argues that his Kaiser policy covered the expenses but the mother failed to follow the policy requirements to obtain coverage.[3] Because the plain language of RCW 26.18.170 includes as "uninsured" expenses any costs "not covered by insurance" and because Kaiser is not covering the disputed medical expenses, we conclude that the trial court did not err in determining that the expenses were uninsured.

## II.   CHILD SUPPORT ORDER

The issue thus becomes whether the trial court had the authority to require the mother to pay 25 percent of the uninsured medical expenses after she sought to enforce a child support order requiring the father to pay 100 percent. As stated, the trial court concluded that the mother should pay part of the expense because, as the primary residential parent, she was in a better position to secure coverage for the kidney stone treatment by Kaiser Permanente.

We hold that the trial court abused its discretion by altering the terms of the child support order. While child support obligations may be modified under certain circumstances, those

---

[3] The father additionally argues that the trial court found that the child was covered by his insurance and that this is a verity on appeal because the mother did not assign error to this finding. We do not read this finding as a determination by the trial court that the child's medical expenses were not "uninsured medical expenses." The full paragraph highlighted by the father states:

> Among other things, the treatment included emergency room visits to the hospital and also surgery to remove the kidney stones. The child was covered through the father's Kaiser Permanente medical insurance provided by his employer. However, the nearest Kaiser facility is located in the Cleveland, Ohio area. Kaiser refused to cover the majority of the treatment, including surgery.

CP at 247. Neither party disputes that at the time of the incident, the child had medical insurance. This fact, however, does not control the outcome of this appeal. Even a covered person can incur "[u]ninsured medical expenses" as defined by RCW 26.18.170(18)(d) because the definition includes expenses such as premiums and copays that are regularly incurred by covered individuals.

4

circumstances did not apply here. *See Schumacher v. Watson*, 100 Wn. App. 208, 213, 997 P.2d 399 (2000) (as a general rule, court must find a substantial change of circumstances before modifying an order). In so ruling, we are mindful that the record does not demonstrate that, under the circumstances, the mother acted unreasonably in choosing a non-Kaiser facility to perform the surgery. Therefore, we need not decide if, pursuant to the child support order, the father would have to pay all of the uninsured medical expenses if a Kaiser facility had been readily accessible and the mother acted unreasonably in not taking their child to it.[4] The trial court acted without legal authority in changing the terms of the child support order and therefore abused its discretion in requiring the mother to pay part of the child's uninsured medical expenses. *See Morin v. Burris*, 160 Wn.2d 745, 753, 161 P.3d 956 (2007) (trial court abuses its discretion when its decision is based on untenable grounds).

We reverse.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

Melnick, J.

I concur:

Bjorgen, A.C.J.

---

[4] While we understand the dissent's concerns, there are no facts in the record to indicate that the mother acted with an intent to cause unnecessary expense. Furthermore, the father remains entitled to seek modification of the child support order. RCW 26.09.170.

WORSWICK, J., (dissenting) — The majority holds that costs for T.Z.'s (the child's) kidney stone removal, which Kaiser Permanente (Kaiser) would have paid for but for a non-Kaiser provider performing the removal, constitutes "[u]ninsured medical expenses" under RCW 26.18.170(18)(d). I would hold that because T.Z.'s kidney stone removal would have been covered under the Kaiser insurance had the removal been performed by a Kaiser provider, it is not an "[u]ninsured medical expense[]." RCW 26.18.170(18)(d). Thus, I respectfully dissent.

"'Uninsured medical expenses' includes premiums, copays, deductibles, along with other health care costs *not covered* by insurance." RCW 26.18.170(18)(d) (emphasis added). I would hold that while medical costs that an insurance company never promised to pay (such as premiums, copays, and deductibles) are "not covered," medical costs that an insurance company promised to pay for subject to an in-network limitation are "covered." RCW 26.18.170(18)(d). Thus, the latter are not "uninsured medical expenses" under RCW 26.18.170(18)(d).

Basic fairness supports this interpretation, as illustrated by this case. Victor M. Zandi (the father) provided insurance that would have covered the costs for T.Z.'s kidney stone removal as long as the removal was performed by a Kaiser provider (or Kaiser's prior approval was obtained). T.Z.'s kidney stone removal was provided by a non-Kaiser provider without Kaiser's prior approval, resulting in a large medical bill that could have been avoided. The majority's holding requires Victor to pay 100 percent of this large medical bill, even though Victor provided T.Z. with insurance that covered the kidney stone removal subject to the insurance plan's in-network limitation and even though Victor was not responsible for violating that in-network limitation.

Under the majority's holding, a parent with control over his or her child's medical care could boundlessly violate the insurance plan's in-network limitation with knowledge that the

6

other parent would be forced to absorb the resulting costs. This is patently unfair. Furthermore, where the parent with control over the child's medical care has no responsibility for the costs of violating the insurance plan's in-network limitation, he or she has no incentive to avoid a violation.

Recognizing this, the trial court reasonably decided that because Deanna M. Zandi (the mother) was T.Z.'s primary residential parent, she was in a better position to control where T.Z. had her medical procedure and therefore should absorb 25 percent of the costs for the violation of the insurance contract's in-network limitation. Thus, I respectfully dissent. I would affirm the superior court.

J. Worswick

7