# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
## DIVISION ONE

STATE OF WASHINGTON, ex rel
GWENDOLYN BAIRD,

              Respondent,

    v.

ERIC K. WEBSTER, n/k/a
ERIC ISHMAEL MOUJTAHID,

              Appellant.

No. 74973-1-I

UNPUBLISHED OPINION

FILED: June 12, 2017

VERELLEN, C.J. — After accumulating over $50,000 in unpaid child support, Eric Webster began making child support payments to the Department of Social and Health Sciences, Division of Child Support (DCS). Three months later, Eric signed a waiver that eliminated the time limit in RCW 4.56.210[1] for collecting his obligation. Now that the statute of limitations has run, Eric argues the waiver is ineffective and DCS is time barred from collecting his child support arrears. Specifically, he argues the waiver only applies to a statute of limitations and not to RCW 4.56.210, a nonclaim statute. Eric disregards the express language in RCW 74.20A.220 that permits parents to waive "any statute which may bar or impair the collection of the debt." He also disregards the

---

[1] RCW 4.56.210(2) provides, "An underlying judgment or judgment lien entered after the effective date of this act for accrued child support shall continue in force for ten years after the eighteenth birthday of the youngest child named in the order for whom support is ordered."

express language of the waiver, which applies to "[a]ny statute of limitations defense created by RCW 4.56.210" and "[a]ny other Washington State statute . . . that limits the time DCS can collect my support debt" and allows "DCS to collect from me until I pay my support debt in full."[2] The waiver allows DCS to collect Eric's child support arrears.

Therefore, we affirm.

## FACTS

The superior court dissolved Gwendolyn and Eric Webster's marriage in August 1993.[3] The parties have two children, E.W., who was born in October 1984, and A.W., who was born in September 1987. The child support order required Eric to pay $483 in monthly child support to the Washington State Support Registry.

Eric did not make his first child support payment until July 2002, nine years after the child support order had been entered. Eric had accumulated back support debt totaling $51,924.00. On behalf of the Department of Social and Health Sciences, DCS collected current and back support totaling $923.14 in November 2002 and $1,153.53 in December 2002.

On December 24, 2002, Eric signed a "Waiver of the Statute of Limitations Defense."[4] The waiver recites that a "statute of limitations limits the length of time a person can collect a judgment."[5] The waiver explains that "RCW 74.20A.220 permits me to make this waiver" and expressly states that it applies to "[a]ny statute of limitations defense created by RCW 4.16.020, RCW 4.56.210, or RCW 6.17.020" and

---

[2] Clerk's Papers (CP) at 139.

[3] For clarity, we refer to the Websters by their first names.

[4] CP at 139.

[5] Id.

"[a]ny other Washington State statute or statute of another state that limits the time DCS can collect my support debt."[6] By signing the waiver, Eric agreed that "[i]t allows DCS to collect from me until I pay my support debt in full."[7]

Over the next several years, Eric made support payments fairly regularly, but often paid less than the $483 he owed for current child support. DCS applied Eric's payments to his arrearages only when his payments for the month exceeded the amount of his current child support obligation.[8] Eric's arrearage payments were usually nominal, $50 or less. After Eric's current child support obligation ended, he owed $48,555.65 in back child support.

On October 12, 2006, the King County Prosecuting Attorney's Office initiated a contempt action against Eric. Although Eric no longer owed current child support for his children with Gwendolyn, he continued to owe current child support for his third and youngest child with Shelley Hightower.[9] By February 3, 2016, the contempt action had been active nearly 10 years and Eric still owed $46,938.56 in back child support for his children with Gwendolyn.

A regular review hearing was scheduled on the contempt calendar for Monday, February 1, 2016. The Friday before the hearing, Eric filed a response, arguing that his unpaid back child support obligation for his children with Gwendolyn expired under RCW 4.56.210(2) when the youngest child A.W. turned 28 in September 2015. Eric

---

[6] Id.

[7] Id.

[8] See RCW 26.23.035(1); WAC 388-14A-5002 (current child support must be paid in full before a payment will be applied to the arrearage).

[9] Only Eric's child support obligation for his children with Gwendolyn is at issue in this appeal.

argued his 2002 waiver applied only to a statute of limitations and not to RCW 4.56.210, a nonclaim statute, and therefore, DCS was time barred from collecting the accrued child support. The State countered that RCW 74.20A.220 permits a parent to waive any statute which may bar or impair the collection of the debt and that Eric expressly waived the time limit in RCW 4.56.210(2) when he signed the waiver.

After hearing argument, the superior court concluded that RCW 4.56.210 did not invalidate the waiver signed by Eric. The court found that Eric "reaped the benefit of the waiver and relied upon it, and cannot now raise an alternate argument."[10] The judge ordered Eric to pay $100 towards back child support each month. Eric moved for reconsideration of the superior court's ruling, and the court denied his motion.

Eric appeals.

## ANALYSIS

Eric argues the superior court erred in concluding that he waived the RCW 4.56.210(2) time limit on enforcement of a child support order. We disagree.

Whether a parent may waive the time limit in RCW 4.56.210 is a question of law, subject to de novo review.[11] When construing a statute, our primary goal is to "identify and give effect to the legislative intent behind the statute."[12] "If the plain meaning of a statute is unambiguous, our inquiry ends."[13] "When attempting to ascertain a statute's

---

[10] CP at 146.

[11] See Matter of Marriage of Zandi, 187 Wn.2d 921, 926, 391 P.3d 429 (2017).

[12] Id.

[13] Id.

plain meaning, we consider the 'context of the entire act' as well as related statutes."[14] Moreover, when "'statutes relate to the same thing or class, they are in pari materia and must be harmonized if possible.'"[15]

Under RCW 4.56.210(2), "[a]n underlying judgment or judgment lien entered after the effective date of this act for accrued child support shall continue in force for ten years after the eighteenth birthday of the youngest child named in the order for whom support is ordered." In general, this statute makes a child support judgment unenforceable after the youngest child named in the order turns 28.[16] RCW 4.56.210 has been termed a nonclaim statute by Washington courts.[17]

Under RCW 74.20A.220, "[t]he responsible parent owing a support debt may execute a written extension or waiver of *any* statute which may bar or impair the collection of the debt and the extension or waiver shall be effective according to its terms."[18] By its plain language, RCW 74.20A.220 gives parents express statutory authority to waive all statutes that bar or impair collection of a child support debt.

To give effect to legislative intent, RCW 4.56.210 and RCW 74.20A.220 can easily be read in harmony. RCW 4.56.210 sets forth the general rule barring the

---

[14] Id. (quoting Jametsky v. Olsen, 179 Wn.2d 756, 762, 317 P.3d 1003 (2014); accord Dep't of Ecology v. Campbell & Gwinn, LLC, 146 Wn.2d 1, 11, 43 P.3d 4 (2002)).

[15] In re Marriage of Kahle, 134 Wn. App. 155, 158, 138 P.3d 1129 (2006) (quoting Monroe v. Soliz, 132 Wn.2d 414, 425, 939 P.2d 205 (1997); accord King County v. Taxpayers of King County, 104 Wn.2d 1, 9, 700 P.2d 1143 (1985)).

[16] RCW 4.56.210; In re Matter of Paternity of M.H., 187 Wn.2d 1, 12, 383 P.3d 1031 (2016).

[17] Am. Disc. Corp. v. Shepherd, 129 Wn. App. 345, 352, 120 P.3d 96 (2005).

[18] (Emphasis added.)

enforceability of child support orders after the youngest child named in the order turns 28, while RCW 74.20A.220 allows an exception to that general rule.

Even if the plain language was not clear, the legislative history of RCW 74.20A.220 confirms our analysis. The portion of RCW 74.20A.220 at issue was first enacted in 1979.[19] From 1979 through 1989, RCW 74.20A.220 expressly included RCW 4.56.210 as an example of a statute which bars or impairs the collection of child support: "The responsible parent owing a support debt may execute a written extension or waiver of any statute, *including but not limited to RCW 4.56.210*, which may bar or impair the collection of a debt."[20] This provision was intended to allow a parent to obtain lower payments on arrears by permitting a longer enforcement period.[21]

The waiver legislation would not accomplish its intended purpose of allowing a lower repayment rate without jeopardizing collections unless RCW 74.20A.220 was construed to permit parents to waive the time limit on enforcement in RCW 4.56.210(2). There is no legislative history to the contrary. In order to give effect to the clear intent of RCW 74.20A.220, we conclude the statute permits parents to waive RCW 4.56.210.

Here, Eric waived RCW 4.56.210(2)'s time limit for enforcing his child support debt. The waiver Eric signed explains that "RCW 74.20A.220 permits me to make this waiver" and expressly states that it applies to "[a]ny statute of limitations defense

---

[19] See Laws of 1979, 1st Ex. Sess., ch. 171, § 16.

[20] Id. (emphasis added).

[21] See Resp't's Br., App. 3 (Department of Social & Health Services comments on proposed H.B. 125 § 19) ("Our suggested amendment is a very limited one to allow an absent parent to obtain lower payments on arrears than would otherwise be necessary by the device of the absent parent waiving the effect of the statute of limitations in consideration of receiving this lower rate of repayment on the arrears).

created by RCW 4.56.210" and "[a]ny other Washington State statute . . . that limits the time DCS can collect my child support debt."[22]

Eric seeks to avoid the consequence of his waiver by relying on the narrow and technical definition of the term "statute of limitations" as distinct from a nonclaim statute.[23] We focus on Eric's objective manifestation of intent in executing the waiver.[24] Words are given "their ordinary, usual, and popular meaning unless the entirety of the agreement clearly demonstrates a contrary intent."[25]

The wording of the waiver Eric signed demonstrates that he waived all defenses associated with any time restrictions on enforcing his child support obligation. The waiver explains that "a statute of limitations" is a "limit" on "the length of time a person can collect a judgment."[26] The waiver makes clear that it applies to the limit "created by

---

[22] CP at 139.

[23] A general statute of limitations extinguishes the right to enforce a remedy, while a nonclaim statute extinguishes the substantive right itself (here, the debt). See Lane v. Dep't of Labor & Indus., 21 Wn.2d 420, 425-26, 151 P.2d 440 (1944); 15A KARL B. TEGLAND & DOUGLAS J. ENDE, WASHINGTON PRACTICE: WASHINGTON HANDBOOK ON CIVIL PROCEDURE § 1.3 (2016-17 ed.). But the ordinary and popular usage of the term "statute of limitations" is broad. The dictionary definition of "statute of limitations" broadly extends to "a statute assigning a certain time after which rights cannot be enforced by legal action." WEBSTER'S THIRD NEW INTERNATIONAL DICTIONARY 2230 (2002). And courts have recognized that "statute of limitations" in some settings extends to a nonclaim statute. See M.H., 187 Wn.2d at 12-13 (RCW 4.56.220, while technically a nonclaim statute, is a "statute of limitations" for purposes of the Uniform Interstate Family Support Act); see generally CTS Corp. v. Waldburger, 134 S. Ct. 2175, 2185, 189 L. Ed. 2d 62 (2014) ("statute of limitations" sometimes refers to a nonclaim statute, and Congress had used "statute of limitations" to refer to a nonclaim statute in the past).

[24] Hearst Commc'ns, Inc. v. Seattle Times Co., 154 Wn.2d 493, 503, 115 P.3d 262 (2005).

[25] Id. at 504.

[26] CP at 139.

RCW 4.56.210."[27] And the waiver extends to "any other Washington State statute . . . that limits the time DCS can collect [his] child support debt."[28] This language clearly encompasses RCW 4.56.210. Moreover, the plain wording of the waiver allows "DCS to collect from [Eric] until [he] pay[s his] support debt in full."[29]

Accordingly, when considered as a whole, the waiver evidences Eric's intent to waive all defenses associated with the length of time his child support obligation can be collected.

Affirmed.

_____

WE CONCUR:

_____
Trickey, J

_____
Cox, J.

---

[27] Id.

[28] Id.

[29] Id.